# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 24, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

152615-648

YASKAWA AMERICA, INC.,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

_____/

SC:  152615
COA:  325475
Court of Claims:  11-000077-MT

RAINIER INVESTMENT
MANAGEMENT, INC.,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

_____/

SC:  152616
COA:  325476
Court of Claims:  13-000015-MT

RAINIER INVESTMENT
MANAGEMENT, INC.,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

_____/

SC:  152617
COA:  325477
Court of Claims:  13-000090-MT

RAINIER INVESTMENT
MANAGEMENT, INC.,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

_____/

SC:  152618
COA:  325478
Court of Claims:  13-000110-MT

RAINIER INVESTMENT
MANAGEMENT, INC.,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152619
COA:  325479
Court of Claims:  12-000032-MT

_____/

HANSEN BEVERAGE COMPANY,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152620
COA:  325480
Court of Claims:  11-000080-MT

_____/

COVENTRY HEALTH CARE, INC.,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152621
COA:  325481
Court of Claims:  11-000127-MT

_____/

YASKAWA AMERICA, INC.,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152622
COA:  325482
Court of Claims:  13-000052-MT

_____/

YASKAWA AMERICA, INC.,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152623
COA:  325483
Court of Claims:  12-000155-MT

_____/

PAPERWEIGHT DEVELOPMENT
CORPORATION,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152624
COA:  325485
Court of Claims:  12-000160-MT

_____/

PAPERWEIGHT DEVELOPMENT
CORPORATION,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152625
COA:  325486
Court of Claims:  12-000075-MT

_____/

DOLLAR TREE, INC.,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152626
COA:  325487
Court of Claims:  14-000192-MT

_____/

BALL CORPORATION,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

SC:  152627
COA:  325488
Court of Claims:  13-000123-MT

Defendant-Appellee.

_____/

COMMERCIAL METALS COMPANY,
     Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
     Defendant-Appellee.

SC:  152628
COA:  325489
Court of Claims:  12-000161-MT

_____/

COMMERCIAL METALS COMPANY,
     Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
     Defendant-Appellee.

SC:  152629
COA:  325490
Court of Claims:  12-000087-MT

_____/

DOLLAR TREE, INC.,
     Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
     Defendant-Appellee.

SC:  152630
COA:  325491
Court of Claims:  14-000030-MT

_____/

BIORX, LLC,
     Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
     Defendant-Appellee.

SC:  152631
COA:  325492
Court of Claims:  11-000128-MT

_____/

UNITED STATIONERS
SUPPLY COMPANY,

Plaintiff-Appellant,

v                                                    SC:  152632
                                                     COA:  325515
                                                     Court of Claims:  12-000059-MT
DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/


RODALE, INC.,
              Plaintiff-Appellant,

v                                                    SC:  152633
                                                     COA:  325516
                                                     Court of Claims:  12-000101-MT
DEPARTMENT OF TREASURY,
            Defendant-Appellee.

_____/

CIRCOR ENERGY PRODUCTS, INC.,
            Plaintiff-Appellant,

v                                                    SC:  152634
                                                     COA:  325517
                                                     Court of Claims:  13-000098-MT
DEPARTMENT OF TREASURY,
            Defendant-Appellee.

_____/

CROWN HOLDINGS, INC.,
              Plaintiff-Appellant,

v                                                    SC:  152635
                                                     COA:  325518
                                                     Court of Claims:  13-000106-MT
DEPARTMENT OF TREASURY,
              Defendant-Appellee.

_____/

MICHELIN CORPORATION,
            Plaintiff-Appellant,

v                                                    SC:  152636
                                                     COA:  325520
                                                     Court of Claims:  14-000217-MT

DEPARTMENT OF TREASURY,
            Defendant-Appellee.

_____/

INTERSTATE GAS SUPPLY, INC.,
            Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
            Defendant-Appellee.

SC: 152637
COA: 325522
Court of Claims: 14-000144-MT

_____/

INTERSTATE GAS SUPPLY, INC.,
            Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
            Defendant-Appellee.

SC: 152638
COA: 325523
Court of Claims: 14-000070-MT

_____/

SAPA EXTRUSIONS, INC., formerly
known as ALCOA EXTRUSIONS, INC.,
            Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
            Defendant-Appellee.

SC: 152639
COA: 325525
Court of Claims: 14-000157-MT

_____/

RAVEN INDUSTRIES, INC.,
            Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
            Defendant-Appellee.

SC: 152640
COA: 325526
Court of Claims: 14-000037-MT

_____/

CARGILL, INC.,
        Plaintiff-Appellant,

v                                                 SC: 152641
                                                 COA: 325528
                                                 Court of Claims: 12-000113-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

WATTS REGULATOR COMPANY,
        Plaintiff-Appellant,

v                                                   SC: 152642
                                                 COA: 325529
                                                 Court of Claims: 13-000021-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

WATTS REGULATOR COMPANY,
        Plaintiff-Appellant,

v                                                   SC: 152643
                                                 COA: 325532
                                                 Court of Claims: 13-000041-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

WATTS REGULATOR COMPANY,
        Plaintiff-Appellant,

v                                                   SC: 152644
                                                 COA: 325533
                                                 Court of Claims: 14-000010-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

LORD CORPORATION,
        Plaintiff-Appellant,

v                                                   SC: 152645
                                                 COA: 325534
                                                 Court of Claims: 13-000124-MT

DEPARTMENT OF TREASURY,

8

Defendant-Appellee.

_____/

TERADYNE, INC.,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152646
COA:  325535
Court of Claims:  12-000063-MT

_____/

GOODYEAR TIRE & RUBBER
COMPANY,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152647
COA:  325972
Court of Claims:  14-000024-MT

_____/

HALLMARK MARKETING
COMPANY, LLC,
        Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

SC:  152648
COA:  325974
Court of Claims:  15-000009-MT

_____/

      On order of the Court, the application for leave to appeal the September 29, 2015 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

      MARKMAN, J. (*dissenting*).

      I respectfully dissent from this Court's order denying leave to appeal.  Because the issues raised here are, in my judgment, of considerable constitutional significance as to matters affecting the tax policy and procedures, the fiscal and business environments, and

the jurisprudence of this state, I believe they ought to be heard by the highest court of this state, and would thus grant leave to appeal.

In 1970, Michigan joined the Multistate Tax Compact (the Compact) when the Legislature enacted MCL 205.581. See 1969 PA 243, effective July 1, 1970. Article III(1) of the Compact provided that certain multistate taxpayers may elect to apportion income to Michigan for tax purposes "in the manner provided by the laws of such state," i.e., the laws of Michigan, or else "in accordance with Article IV." MCL 205.581, art III(1). Article IV provided for an apportionment formula based on property, payroll, and sales factors. MCL 205.581, art IV(9). Effective January 1, 2008, the Legislature enacted the Michigan Business Tax Act (BTA), MCL 208.1101 *et seq*., 2007 PA 36, which provided that "each tax base established under this act shall be apportioned in accordance with this chapter." MCL 208.1301(1). Finally, MCL 208.1301(2) of the BTA provided for an apportionment formula based solely on a sales factor.

At issue in *IBM v Dep't of Treasury*, 496 Mich 642 (2014), was whether the plaintiff multistate taxpayer could elect to use the Compact's three-factor apportionment formula for its 2008 Michigan taxes or whether, as the defendant Department of Treasury argued, it was required to use the BTA's sales-factor-only apportionment formula. This Court ruled in *IBM* that the taxpayer could elect to use the Compact's apportionment formula. The lead opinion stated that "the Legislature had [not] repealed the Compact's election provision by implication when it enacted the BTA," *id*. at 645 (opinion by VIVIANO, J.), while the concurring opinion left that question open, *id*. at 668 (ZAHRA, J., concurring). In response, the Legislature enacted 2014 PA 282, which repealed the Compact "retroactively and effective beginning January 1, 2008." 2014 PA 282, enacting § 1. As a consequence, 2014 PA 282 retroactively repealed the Compact election provision beginning that date as well. Several multistate taxpayers challenged the constitutionality of 2014 PA 282, but the Court of Claims and the Court of Appeals upheld the statute against those challenges. *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, 312 Mich App 394, 401 (2015). In my judgment, the following four constitutional questions that are raised in the taxpayers' various applications for leave to appeal warrant thorough consideration by this Court by a grant of leave to appeal:

*First*, is 2014 PA 282 consistent with federal due-process protections, US Const, Ams V and XIV, given that the retroactivity period here of six years and nine months arguably exceeds "a modest period of retroactivity," *United States v Carlton*, 512 US 26, 32 (1994), and that one justice has observed in this same regard in a frequently cited statement that "[a] period of retroactivity longer than the year preceding the legislative session in which the law was enacted would raise . . . serious constitutional questions," *id*. at 38 (O'Connor, J., concurring in the judgment)?

*Second*, is 2014 PA 282 consistent with the Michigan Due Process Clause, Const 1963, art 1, § 17, when that clause is worded differently than the federal Due Process Clause and we have held that the state provision may afford heightened protections, *Delta Charter Twp v Dinolfo*, 419 Mich 253, 276 n 7 (1984), because "while the Federal supreme court is the final judge of violations of the Federal Constitution, the decision of the Supreme Court of this State is final on the question of whether or not a State statute conflicts with the State Constitution," *People v Victor*, 287 Mich 506, 514 (1939)?

*Third*, does 2014 PA 282 violate either the federal or state prohibitions against the impairment of contracts, US Const, art I, § 10, cl 1; Const 1963, art 1, § 10, because the Compact is a reciprocal and binding interstate compact between the signatory states with respect to which a retroactive withdrawal from the Compact amounts to an unconstitutional impairment of that contract, see *Gillette Co v Franchise Tax Bd*, 62 Cal 4th 468, 477-479 (2015)?

*Fourth*, does 2014 PA 282 violate the Separation of Powers Clause, Const 1963, art 3, § 2, because by prescribing the outcomes of those cases that were held in abeyance pending *IBM*, as well as *IBM* itself, the Legislature has impinged on the judicial power, Const 1963, art 6, § 1, and contravened the principle that "the Legislature cannot dictate to the courts what their judgments shall be, or set aside or alter such judgments after they have been rendered," *People ex rel Sutherland v Governor*, 29 Mich 320, 325-326 (1874); cf. *Plaut v Spendthrift Farm, Inc*, 514 US 211, 217-218 (1995) ("Congress has exceeded its authority by requiring the federal courts to exercise '[t]he judicial Power of the United States,' U. S. Const., Art. III, § 1, in a manner repugnant to the text, structure, and traditions of Article III.")?

As the United States Supreme Court has recognized, "[T]he power to tax involves the power to destroy[.]" *M'Culloch v Maryland*, 17 US (4 Wheat) 316, 431 (1819). This power must be kept subject to proper constitutional limits, particularly when, as here, a heightened tax burden has been imposed not on future business activities, but on business activities planned and undertaken many years ago. While I do not yet have any firm

belief regarding the constitutionality of 2014 PA 282, I do have a firm belief that before retroactive tax burdens such as those set forth in this law are imposed, the arguments of affected taxpayers deserve consideration by the highest court of this state. Accordingly, I respectfully dissent and would grant leave to appeal.

VIVIANO, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 24, 2016



Clerk

a0621